IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEREK McKINNEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:25-CV-00303-ELR |
| | * | |
| DONALD TRUMP, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

**ORDER**

_____

This matter is before the Court on Plaintiff Derek McKinney's Request for Injunction [Doc. 1.]

Plaintiff filed this action against various defendants on January 24, 2025, asserting generalized violations of the Fourteenth Amendment to the United States Constitution based on President Trump's Executive Order that freezes civil rights litigation. [Id.] According to Plaintiff, the freeze impacts his minor child. [Id.] Although Plaintiff has initiated a civil rights claim in a different venue, he says that case has stalled, including a mediation initially scheduled for December 2024, which did not go forward. [Id.]

Given that Plaintiff seeks emergency relief and the fact that Defendants in this case have not yet been served with a copy of the operative pleading and Plaintiff's

emergency motion, the Court construes Plaintiff's emergency motion as a request for an *ex parte* temporary restraining order ("TRO") without written or oral notice to the adverse party or its attorneys.

Under Federal Rule of Civil Procedure 65(b)(1), a court may issue a TRO without written or oral notice to the adverse party or its attorneys only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reason why it should not be required.

Both prongs of Rule 65(b)(1) must be met for the Court to grant an *ex parte* TRO. "The stringent restrictions imposed by . . . [Rule 65] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters Loc. No. 70, 415 U.S. 423, 438–39 (1974). Accordingly, "courts have recognized very few circumstances justifying the issuance of an *ex parte* TRO." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).[1]

---

[1] Such circumstances include when "the opposing side is unable to be found or the identity of the opposing side is unknown," and "[i]n some limited circumstances, proceeding without notice is also justified upon a showing that notice would lead to the destruction of evidence." Glob. HTM Promotional Grp., Inc. v. Angel Music Grp., LLC, No. 06-20441-CIV, 2006 WL 8432722, at *1 (S.D. Fla. Mar. 1, 2006) (cleaned up).

Although proceeding with an *ex parte* TRO as provided under Rule 65(b) is permissible in some circumstances, Plaintiff has not shown that those circumstances are present in this case. Namely, Plaintiff has not explained why notice to Defendants should not be required. See Fed. R. Civ. P. 65(b)(1)(B). For instance, Plaintiff has not alleged that he cannot locate Defendants or that notifying Defendants will lead to the destruction of evidence. As such, Plaintiff does not argue (let alone show) a sufficient reason for not affording Defendants notice of the emergency motion and an opportunity to respond.

Additionally, although Plaintiff does say that he has watched his "child deteriorate during the denial of his 504 accommodations from August 2023 up until October of 2024," he does not provide any specific information that would allow the Court to find his child would be irreparably harmed in the absence of injunctive relief at this time, which is required by Rule 65(b)(1)(A).

Further, Rule 65(c) authorizes the issuance of "a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Here, Plaintiff does not propose to give any amount as security, which further cautions against the entry of TRO.

For the foregoing reasons, Plaintiff's Request for Injunction [Doc. 1] is **DENIED**.

**SO ORDERED**, this 29th day of January, 2025.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia